STARK,
December 1817

Ohio
v.
Raynolds.

</div>

## OHIO vs. RAYNOLDS.

It is not extortion, in the clerk of a court, to take fees for recording, before the record is made up.

INDICTMENT, for extortion.

The 1st count of the indictment, was for demanding and receiving of Sterling, the sum of two dollars and ninety-eight cents, for clerk's fees in the suit Sterling vs. Laughlin, June term 1816, when the legal fees, it was averred, were one dollar and seventy-two cents only.

The 2d was for taking three dollars and eighty-five cents of Mahan, in a case of Ohio vs. Mahan, June term, 1816, when the legal fees were two dollars and seventeen cents.

PLEA—Not guilty.

HARRIS, for the state.

WRIGHT, for the defendant.

On the trial, the defendant admitted that he had received the several sums for clerk's fees; it was agreed that the fees had been paid before the record had been made up in either case; and that, for the services which had been performed at the time of payment, the fees in the case of Sterling vs. Laughlin. were one dollar and seventy-two cents; and in the case of Ohio vs. Mahan, two dollars and seventeen cents; that the defendant calculated to include in his bill and receive pay for recording; and that, including the fees for recording, he had not charged as much as he would by law be entitled to. The defendant asked the opinion of the court, whether, upon these facts, the indictment could be sustained.

STARK.
December 1817

Ohio
*v.*
[Raynolds.

PRESIDENT.—Receiving fees before they are due, as well as receiving more than is due, is extortion ; so say the books. But this cannot be correct law in all cases. Receiving fees before they are due, at the instance, and for the accommodation, of the person paying them, I should not think extortion. Numberless cases may happen, where it would be a convenience to the party paying fees, to advance them before the business was done ; they could not be demanded as of right, generally : the fees to the clerk of this court, for recording, stand on different ground from any other ; it is the duty of the clerk, in each vacation, to record all the cases decided at the past term ; he has the whole vacation to perform this duty in, and it often takes the whole of it to complete the records. Persons in whose favor executions have been awarded, may require them to be issued immediately; and usually do so : the clerk must then make up his bills of cost, and issue execution before the record is made up ; he must either include his fees for recording, or take some other method of getting them, after, perhaps, the execution is returned satisfied. Such being the case, it seems to me very plainly, that the correct method is the one pursued by the defendant, to make up the *whole bill* of costs at one time. He is responsible, undoubtedly, for taking too much in any case ; but here he has been sufficiently on his guard against that.

Upon hearing the opinion of the court, HARRIS entered a *noli prosequi.*